## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **HAMADI M. ALI,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:25-cv-00583-AMA-JCB** |
| **CLEAR MANAGEMENT SOLUTIONS,** | **District Judge Ann Marie McIff Allen** |
| **Defendant.** | **Magistrate Judge Jared C. Bennett** |

### INTRODUCTION[1]

Before the court is pro se Plaintiff Hamadi M. Ali's ("Mr. Ali") motion to strike affirmative defenses put forward by Defendant Clear Management Solutions ("Clear Management").[2] For the reasons stated below, the court GRANTS IN PART and DENIES IN PART Mr. Ali's motion. The court GRANTS Mr. Ali's motion to strike Clear Management's eleventh affirmative defense because it is duplicative of Clear Management's fifth affirmative defense.[3] The court DENIES the motion to strike the eight other challenged defenses.

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 11.

[2] ECF No. 9.

[3] *Compare* ECF No. 6 at 4 (Fifth Defense: "Plaintiff's claims are barred by the applicable statute of limitations"), *with* ECF No. 6 at 5 (Eleventh Defense: "Plaintiff's claims are barred by the applicable statute of limitations.").

## BACKGROUND

This action arises under the Fair Debt Collection Practices Act ("FDCPA").[4] Mr. Ali claims that Clear Management violated the FDCPA because Mr. Ali received a debt-collection letter from Clear Management after Mr. Ali notified Clear Management in writing that he "refused to pay the alleged [\$198.29] debt" pursuant to § 1692c(c).[5] Mr. Ali states that he has suffered actual damages resulting from Clear Management's allegedly illegal letter "in the form of stress, frustration, anger, anxiety, intrusion upon seclusion, amongst other negative emotions."[6]

Clear Management generally denies Mr. Ali's allegations and forwards eleven defenses.[7] Mr. Ali moves to strike affirmative defenses three through eleven.[8] The court recounts the applicable legal standard and then evaluates the challenged defenses.

---

[4] 15 U.S.C. § 1692 *et seq*.

[5] ECF No. 1 at ¶¶ 12-15, 21.

[6] ECF No. 1 at ¶ 18.

[7] *See generally* ECF No. 6.

[8] ECF No. 9. The affirmative defenses Mr. Ali moves to strike are:

(3) Without admitting any violation, if any violations of the [FDCPA] or Utah Consumer Sales Practices Act are found, such violations were not intentional and resulted from bona fide errors notwithstanding the maintenance of procedures reasonably adapted to avoid any such errors[.]
(4) [Mr. Ali]'s claims are barred by reason of their own acts or omissions, negligence or fault, misrepresentations, actions, inaction, and breaches.
(5) [Mr. Ali]'s claims are barred by the applicable statute of limitations.
(6) If any breaches, deficiencies or violations were found based upon alleged failures of [Clear Management], such failures resulted from matters reasonably beyond the control of [Clear Management].
(7) The conduct, acts, and omissions of which [Mr. Ali] complain[s] involve alleged conduct, acts or omissions of third parties over whom [Clear Management] exercised no control, and for which [Clear Management] is not legally responsible.
(8) [Mr. Ali has] not suffered any damages.

## LEGAL STANDARD

Fed. R. Civ. P. 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The standard for granting a motion to strike is stringent: "[T]he court should proceed with extreme caution in striking a pleading."[9] "Rule 12(f) permits striking an insufficient defense from a pleading where it 'cannot succeed, as a matter of law, under any circumstances.'"[10] A motion to strike "will not be granted unless the insufficiency of the defense is clearly apparent and no factual issues exist that should be determined in a hearing on the merits."[11] In making this determination, courts are to rely on their own "sound discretion" guided by the purpose of Rule 12(f), which is to "minimize delay, prejudice and confusion by narrowing the issues for discovery and trial."[12] "A court may also strike a defense that fails to comply with the notice pleading standard required to plead an affirmative defense, which requires only a short and plain statement of each affirmative defense intended to be brought at trial."[13] Given that motions to strike are disfavored, "'any

---

(9) To the extent that [Mr. Ali] claims to have suffered damages, which [Clear Management] disputes, [Mr. Ali] failed to mitigate any such claimed damages.
(10) [Mr. Ali]'s Complaint fails to establish that they have suffered an injury in fact and does not have jurisdiction in this Court.
(11) [Mr. Ali]'s claims are barred by the applicable statute of limitations. ECF No. 6 at 4-5.

[9] *Colo. Milling & Elevator Co. v. Howbert*, 57 F.2d 769, 771 (10th Cir. 1932).

[10] *United States v. Badger*, No. 2:10-CV-00935, 2013 WL 1309165, at *4 (D. Utah Mar. 31, 2013) (quoting *Tiscareno v. Frasier*, No. 2:07-CV-336, 2012 WL 1377886, at *16 (D. Utah Apr. 19, 2012)).

[11] *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009).

[12] *Id*.

[13] *Blendtec Inc. v. Blendjet Inc.*, No. 2:25-CV-00096-RJS-DPB, 2025 WL 2661555, at *6 (D. Utah Sept. 17, 2025) (citation modified) (citing *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009)).

doubt as to the striking of a matter in a pleading should be resolved in favor of the pleading.'"[14] With this exacting standard in place, the court turns to the affirmative defenses at issue in the motion.

**ANALYSIS**

Mr. Ali argues that the court should strike Clear Management's affirmative defenses for failing to meet the pleading standards under *Bell Atl. Corp. v. Twombly*[15] and *Ashcroft v. Iqbal*.[16] Additionally, Mr. Ali claims that defenses eight and ten are not affirmative defenses, that defense nine is inapplicable as a matter of law, and that affirmative defenses five and eleven are redundant.[17] The court first (I) explains why the *Twombly/Iqbal* heightened pleading standards do not apply to affirmative defenses and thereby dispatches with Mr. Ali's motion to strike Clear Management's statute of limitations defense and defenses three through seven; then (II) turns to Mr. Ali's arguments against defenses eight through ten and finds them deficient.[18]

I. **The Court Denies Mr. Ali's Motion to Strike Clear Management's Statute of Limitations Defense and Affirmative Defenses Three Through Seven Because the Notice Pleading Standard Applies to Affirmative Defenses.**

Mr. Ali's arguments to strike defenses three through seven fail because the *Twombly* and *Iqbal* plausibility pleading standards do not apply to affirmative defenses. Although Mr. Ali

---

[14] *Hark'n Techs., Ltd. v. Greater Performance, Inc.*, No. 1:06CV77DAK, 2007 WL 2007579, at *1 (D. Utah July 6, 2007) (quoting *MRSI Int'l, Inc. v. Bluespan, Inc.,* No. 2:05CV00896, 2006 WL 2711791, at *1 (D. Utah Sept. 21, 2006)).

[15] 550 U.S. 544 (2007).

[16] 556 U.S. 662 (2009). ECF No. 9 at 8.

[17] ECF No. 9 at 4-5.

[18] Clear Management's fifth and eleventh affirmative defenses identically state that "[Mr. Ali]'s claims are barred by the applicable statute of limitations." ECF No. 6 at 4-5. As noted above, the court strikes defense eleven as duplicative.

4

claims the Court of Appeals for the Tenth Circuit "has not revolved this issue," many courts in the Tenth Circuit have rejected this idea, grounding their analysis in the Federal Rules of Civil Procedure.[19] That is where this court begins its analysis.

Fed. R. Civ. P. 8(b) requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it."[20] Fed. R. Civ. P. 8(c) requires a party forwarding affirmative defenses to "affirmatively state any avoidance or affirmative defense."[21] Shortly after the U.S. Supreme Court decided *Twombly*, the Tenth Circuit in *Creative Consumer Concepts, Inc. v. Kreisler* offered the following about the requirements for pleading affirmative defenses.[22] The "ultimate purpose" of Rule 8(c), which governs affirmative defenses, "is 'simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial

---

[19] *Townsend v. Synchrony Bank*, No. 2:24-CV-00625, 2025 WL 1433911, at *1 (D. Utah May 19, 2025) ("Courts have rejected the notion that the claim pleading standards established in *Bell Atlantic Corp. v. Twombly* and *Iqbal* apply to affirmative defenses. Rather, a party need only provide a short and plain statement of each affirmative defense intended to be brought at trial." (citation modified)); *Blendtec*, 2025 WL 2661555, at *6 ("[T]he notice pleading standard required to plead an affirmative defense . . . requires only a short and plain statement of each affirmative defense intended to be brought at trial."); *Unicredit Bank AG v. Bucheli*, No. 10-2436-JWL, 2011 WL 4036466, at *5 (D. Kan. Sept. 12, 2011) ("[A]lthough at one time a majority of district courts had concluded that the *Twombly* standards should apply to affirmative defenses, the majority position in the District of Kansas is that those standards do not apply here."); *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1258 (D. Kan. 2011) ("[A] responding party must state defenses in short and plain terms. Fed. R. Civ. P. 8(b)(1)(A). And, arguably, a responding party asserting affirmative defenses is required to do no more than 'affirmatively state' such affirmative defense. Fed. R. Civ. P. 8(c)(1)."); *contra Hayne*, 263 F.R.D. at 650 ("[T]he Court agrees with the reasoning of the courts applying the heightened pleading standard to affirmative defenses. It makes no sense to find that a heightened pleading standard applies to claims but not to affirmative defenses.")

[20] Fed. R. Civ. P. 8(b)(1)(A).

[21] Fed. R. Civ. P. 8(c)(1).

[22] 563 F.3d 1070 (10th Cir. 2009).

so that he or she is prepared to properly litigate it.'"[23] As this district recognized nearly fifteen years ago, "[t]he standard for pleading affirmative defenses, then, is the one described by the Tenth Circuit in *Creative Consumer Concepts* . . . . This 'notice pleading' standard is a liberal one and requires only a 'short and plain' statement of each affirmative defense intended to be brought at trial."[24] Although Mr. Ali is correct that courts in the District of Kansas and elsewhere have applied the *Twombly*/*Iqbal* heightened pleading standards to affirmative defenses,[25] that is not the rule in this district, and his arguments therefore fall short.[26]

Mr. Ali offers no additional argument to strike affirmative defenses three through seven other than that they fall short of the *Twombly*/*Iqbal* pleading standard.[27] However, this is not the applicable standard. Defenses three through seven include a short and plain statement of the defense intended to be employed and, therefore, give Mr. Ali the requisite notice that these issues may be raised at trial.[28] Thus, the court denies Mr. Ali's motion to strike Clear Management's affirmative defenses three through seven.

---

[23] *Creative Consumer Concepts*, 563 F.3d at 1076 (quoting *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)).

[24] *Tiscareno*, 2012 WL 1377886, at \*15-16 (citation modified) (citing Fed. R. Civ. P. 8(b)(1)(A)).

[25] *See, e.g.*, *Hayne*, 263 F.R.D. at 648-52.

[26] *See* n.19, *supra*.

[27] ECF No. 9 at 2-4 (arguing that defenses three through seven should be stricken because they are vague, conclusory, speculative, and offered without factual support).

[28] The court also notes Clear Management's assertion that the "bona fide error" defense it states in its third affirmative defense is statutorily provided under 15 U.S.C. 1692k(c).

**II.    The Court Denies Mr. Ali's Motion to Strike Defenses Eight Through Ten Because Mr. Ali's Arguments are Unavailing Given the Exacting Standard for Striking an Affirmative Defense.**

Defenses eight and nine assert that Mr. Ali has not suffered any damages, and, if he has, he failed to mitigate them. Defense ten states that Mr. Ali lacks standing to bring this action. The court first discusses (A) defenses eight and nine together, followed by (B) defense ten, deciding in each instance that Mr. Ali fails to meet the high standard to strike these defenses.

A.  Clear Management's Defenses Eight and Nine

Clear Management's eighth affirmative defense is: "[Mr. Ali has] not suffered any damages."[29] Mr. Ali argues this is not an affirmative defense but, rather, a denial of his claim. In support, he cites *Zivkovic v. Southern California Edison Co.*, apparently for the proposition that a purported defense "which points out a defect in the plaintiff's prima facie case is not an affirmative defense."[30] Mr. Ali also claims this defense should be stricken as legally irrelevant, citing *Baker v. G. C. Servs. Corp.*[31]

Mr. Ali's main points may well be correct—that Clear Management mischaracterized the lack of damages argument as an affirmative defense, that Clear Management was not required to plead Mr. Ali's lack of damages as an affirmative defense or risk waiving the argument, and that statutory damages are available in an FDCPA matter without proof of actual damages. However, even if true, these arguments are not enough for the court to strike the eighth affirmative defense

---

[29] ECF No. 6 at 5.

[30] 302 F.3d 1080, 1088 (9th Cir. 2002) (citing *Flav-O-Rich v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.)*, 846 F.2d 1343, 1349 (11th Cir. 1988)).

[31] 677 F.2d 775, 781 (9th Cir. 1982) ("[A]ffirm[ing] the district court's conclusion that statutory damages are available without proof of actual damages.")

because it simply reinforces Clear Management's defense that Mr. Ali has failed to state a claim for relief.[32]

The same is true for Mr. Ali's arguments about Clear Management's ninth affirmative defense, which is: "To the extent that [Mr. Ali] claims to have suffered damages, which [Clear Management] disputes, [Mr. Ali] failed to mitigate any such claimed damages." [33] Mr. Ali argues that his alleged failure to mitigate damages is inapplicable as a matter of law, citing *McCollough v. Johnson, Rodenburg & Lauinger, LLC*.[34]

However, *McCollough* does not stand for the proposition that a failure-to-mitigate affirmative defense is inapplicable in an FDCPA case as a matter of law. Although any failure on Mr. Ali's part to mitigate his damages would not be fatal to his case, that is not the standard the court uses to evaluate motions to strike affirmative defenses.

The standard for striking a defense is high and met only when "'its insufficiency [is] clearly apparent and no factual issues exist that should be determined in a hearing on the merits.'"[35] Such insufficiency—defined as a defense's inability to succeed, as a matter of law, under any circumstances—is not present for either the eighth or ninth affirmative defenses.[36]

---

[32] ECF No. 6 at 1 (First Defense: "Plaintiff's Complaint fails to state a claim upon which relief can be granted."). Mr. Ali does not move to strike this defense.

[33] ECF No. 6 at 5.

[34] 637 F.3d 939 (9th Cir. 2011).

[35] *Badger*, 2013 WL 1309165, at *4 (quoting *Livingston v. Sodexo, Inc. v. Affiliated Co.*, No. 11-4162-EFM, 2012 WL 2045292, at *2 (D. Kan. June 6, 2012)).

[36] *Tiscareno*, 2012 WL 1377886, at *16 (quoting *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265 (D. Kan. Feb. 19, 2008)).

Given the high bar necessary to strike an affirmative defense at this stage of litigation, the court denies Mr. Ali's motion to strike Clear Management's eighth and ninth affirmative defenses.

### B.  Clear Management's Tenth Affirmative Defense

Clear Management's tenth affirmative defense is: "[Mr. Ali]'s Complaint fails to establish that they have suffered an injury in fact and does not have jurisdiction in this Court." [37] Mr. Ali argues that the court has federal question jurisdiction over this action given that it arises under a federal statute, and that the statute provides a right of action. Mr. Ali indicates that Clear Management's assertion that he has not suffered an injury-in-fact is part of a standing analysis, and Mr. Ali claims that standing is a jurisdictional issue that should be treated under Fed. R. Civ. P. 12(b)(1) or (6). [38]

Mr. Ali is likely correct about the court's federal question subject matter jurisdiction. He certainly is correct that standing is a jurisdictional issue. [39] However, "[i]t is well established that any party, including the court *sua sponte*, can raise the issue of standing for the first time at any stage of the litigation, including on appeal." [40] Clear Management is entitled to argue that Mr. Ali lacks standing, including in its answer to the complaint, in a potential motion to dismiss, and at later stages of the litigation. The court will not strike this argument even if it is improperly labeled as an affirmative defense. Whether listed as an affirmative defense or not, jurisdiction is

---

[37] ECF No. 6 at 5.

[38] ECF No. 9 at 5.

[39] *Tennille v. W. Union Co.*, 809 F.3d 555, 559 (10th Cir. 2015) ("A challenge to standing presents the 'threshold jurisdictional question of whether a court may consider the merits of a dispute.'" (quoting *S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1152 (10th Cir. 2013))).

[40] *New England Health Care Emps. Pension Fund v. Woodruff*, 512 F.3d 1283, 1288 (10th Cir. 2008).

always an issue. Accordingly, the court denies Mr. Ali's motion to strike Clear Management's tenth affirmative defense.

## ORDER

For the reasons stated above, the court GRANTS IN PART and DENIES IN PART Mr. Ali's motion to strike Clear Management's affirmative defenses.[41] Accordingly, the court HEREBY ORDERS:

(1) Clear Management's eleventh affirmative defense is stricken as duplicative.

(2) Clear Management's third through tenth affirmative defenses are left intact.

IT IS SO ORDERED.

DATED this 27th day of March 2026.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[41] ECF No. 9.