THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| HAMADI M ALI, | REPORT AND RECOMMENDATION |
| Plaintiff, | |
| v. | Case No. 2:25-cv-00583-AMA-JCB |
| CLEAR MANAGEMENT SOLUTIONS, | District Judge Ann Marie McIff Allen |
| Defendant. | Magistrate Judge Jared C. Bennett |

INTRODUCTION[1]

Pro se Plaintiff Hamadi M Ali ("Mr. Ali") initiated this case on July 18, 2025.[2] Three days later, the court entered an Order to Propose Schedule, which set forth certain requirements regarding scheduling in this case.[3] The Order to Propose Schedule required: (1) Mr. Ali to propose a schedule to Clear Management in the form of a draft Attorney Planning Meeting Report within 14 days after Clear Management filed its answer; (2) the parties to conduct their planning conference under Fed. R. Civ. P. 26(f) within 14 days after Mr. Ali provided Clear Management with a draft Attorney Planning Meeting Report; and (3) the parties to file a motion regarding scheduling within 35 days after Clear Management filed its answer.[4]

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 11.

[2] ECF No. 1.

[3] ECF No. 4.

[4] Id.

On August 21, 2025, Defendant Clear Management Solutions ("Clear Management") answered Mr. Ali's complaint.[5] The parties' scheduling motion, therefore, was due 35 days later, on September 25, 2025. However, on August 25, 2025, Mr. Ali filed a motion to strike Clear Management's affirmative defenses.[6] For reasons of judicial economy, the court declined to enforce the scheduling order deadline while the motion to strike was pending.

After resolving Mr. Ali's motion to strike, the court issued an order on March 30, 2026, requiring the parties to comply with the Order to Propose Schedule by April 13, 2026.[7] When the parties failed to comply, the court on April 23, 2026, issued a second order requiring the parties to comply with the Order to Propose Schedule within 14 days.[8] When that May 7, 2026, deadline had come and gone with no response from the parties, the court issued an order to show cause.[9] Relying on DUCivR 41-2,[10] the court ordered Mr. Ali to show cause as to why this case should not be dismissed for lack of prosecution.[11] The order to show cause required Mr. Ali to file a response on or before May 22, 2026, to inform the court of the status of this case and Mr. Ali's

---

[5] ECF No. 6.

[6] ECF No. 9.

[7] ECF No. 13.

[8] ECF No. 14.

[9] ECF No. 15.

[10] DUCivR 41-2 ("At any time, the court may issue an order to show cause requiring a party seeking affirmative relief to explain why the case should not be dismissed for lack of prosecution.").

[11] ECF No. 15.

intentions to proceed.[12] Mr. Ali was warned that failure to respond to the order to show cause "will result in dismissal of this case."[13] Mr. Ali failed to respond.

### ANALYSIS

This case should be dismissed without prejudice for lack of prosecution under Fed. R. Civ. P. 41(b) and the court's inherent authority. Fed. R. Civ. P. 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."[14] Additionally, courts have the authority, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."[15] A court's authority "to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[16]

As demonstrated by the background recited above, Mr. Ali has failed to prosecute this case. When provided with multiple chances to comply with the court's orders and the opportunity to show cause as to why this case should not be dismissed for lack of prosecution, Mr. Ali

---

[12] *Id.*

[13] *Id. See also* DUCivR 41-2 ("If the party does not show good cause, a district judge or a magistrate judge presiding by consent may enter an order of dismissal. The dismissal may be with or without prejudice, as the court deems proper.").

[14] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

[15] *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

[16] *Id.* at 630-31.

provided no explanation. Therefore, this case should be dismissed without prejudice for lack of prosecution under Fed. R. Civ. P. 41(b) and the court's inherent authority.[17]

**RECOMMENDATION**

For the reasons stated above, the court HEREBY RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE for lack of prosecution under Fed. R. Civ. P. 41(b) and the court's inherent authority.

**NOTICE TO PARTIES**

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[18] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[19] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 29th day of May 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[17] The court acknowledges that Mr. Ali is proceeding pro se, but that does not excuse his obligation to follow all rules that apply to other litigants, including the Federal Rules of Civil Procedure. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("[*P*]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992))).

[18] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[19] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).